THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

# 5130
$150 °°

JEB BACHMAN,

    Plaintiff,

vs.

CITY OF APOPKA, FLORIDA,
a Florida municipal corporation,

    Defendant.
_____/

6:01-CV-703-ORL-28JAB

## COMPLAINT

The Plaintiff JEB BACHMAN, by and through his undersigned attorney, sues the Defendant CITY OF APOPKA, FLORIDA, a Florida municipal corporation and alleges:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. Sec. 1331. This is an action for damages and other relief concerning claims of violations of the Plaintiff JEB BACHMAN'S rights of privacy, freedom from unlawful search of his residence and for violations of his rights of due process of law as guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution, respectively, and of 42 U.S.C. Sec. 1983 and 1988.

2. Venue is proper in this district under 28 U.S.C. Sec. 1391(a) in that the Defendant resides in this district, and venue is proper in this district under 28 U.S.C. Sec. 1391(b) in that the claims arise in this district.

## PARTIES

3. The Plaintiff JEB BACHMAN is an individual who resides in this district.

4. The Defendant CITY OF APOPKA, FLORIDA is a Florida municipal corporation and is situated in Orange County, Florida in this district.

## FACTUAL BACKGROUND

5. The Plaintiff JEB BACHMAN owns the property located at 294 McGee Avenue, Apopka, Florida. The Plaintiff JEB BACHMAN also resides at this property.

6. On July 31, 1998 the Plaintiff received from the Defendant CITY a Notice of Code Violation. A copy of this notice is attached hereto as Exhibit A and by this reference incorporated herein.

7. On August 4, 1998 the Plaintiff received from the Defendant CITY a Statement of Violation and Notice of Hearing for the aforesaid code violation. A copy of this Statement of Violation and Notice of Hearing is attached hereto as Exhibit B and by this reference incorporated herein.

8. On August 13, 1998 the Defendant CITY issued its findings of fact, conclusions of law and order with respect to the aforesaid code violation. A copy of this document is attached hereto as Exhibit C and by this reference incorporated herein.

9. On September 18, 1998 the Defendant CITY issued its order imposing penalty/lien upon the Plaintiff's property. A copy of this Order imposing penalty/lien is attached hereto as Exhibit D and by this reference incorporated herein.

10. Prior to the issuance of the Notice of Code Violation of July 31, 1998 attached hereto as Exhibit A, the Defendant conducted an inspection of the Plaintiff's premises without the consent of the Plaintiff. This inspection was also conducted without a warrant obtained pursuant to chapter 933 of the Florida Statutes, specifically, Secs. 933.20-933.30.

11. The said Notice of Code Violation of July 31, 1998 attached hereto as Exhibit A fails to notify the Plaintiff with any degree of specificity of the alleged code violation. Said notice attached hereto as Exhibit A declares that the Plaintiff's real property is in violation of the said section of the Apopka Munici8pal Code and that the Plaintiff is ordered to take action remedying the aforesaid code violation. No judicial determination of any code violation was ever conducted with respect to this notice. Furthermore, said notice declares that problems may be caused from glare with respect to the claimed code violation or that said code violation results in a general nuisance. No judicial determination of a nuisance was ever conducted with respect to this notice. To the best of Plaintiff's knowledge, the determination of the code violation and of a nuisance as well as the entry of the order to remedy this code violation were accomplished entirely by an employee of the Defendant CITY OF APOPKA, FLORIDA.

12. At no time before the events described hereinabove took place and particularly with respect to the findings of the code enforcement board of the Defendant CITY in 1998 did the Defendant CITY OF APOPKA,

FLORIDA, ever inform the Plaintiff of his right to appeal beyond the decision of the code enforcement board of the CITY OF APOPKA, FLORIDA. At all times relevant herein the Defendant CITY OF APOPKA, FLORIDA and each and every one of its representatives were acting pursuant to the color of state law.

13. Because of the matters alleged hereinabove, the Defendant CITY OF APOPKA, FLORIDA has violated the Plaintiff's rights to privacy arising under the First and Fourth Amendments to the Constitution of the United States, has violated the Plaintiff's rights to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution, and has denied the Plaintiff's due process of law as required by the Fourteenth Amendment to the Constitution of the United States. He has also been damaged in that he has had his real property located at 294 McGee Avenue subjected to the lien described herein as Exhibits C and D without due process of law as described hereinabove.

14. These acts of Defendant CITY OF APOPKA, FLORIDA through its representatives represent conduct motivated by evil intent or motive, and these acts involve reckless or callous indifference to the federally protected rights of the Plaintiff.

15. Because of the matters alleged in this complaint, the Plaintiff was required to retain the undersigned attorney, and he has agreed to pay him a

    reasonable fee for his services herein. Attorney's fees are recoverable pursuant to 42 U.S.C. Sec. 1988.

16.   All conditions precedent with respect to the relief demanded herein have been performed or have occurred.

WHEREFORE, the Plaintiff demands judgment against the Defendant CITY OF APOPKA, FLORIDA for compensatory damages in the amount of Ten Million ($10,000,000) Dollars, interest, the costs of this action and for a reasonable attorney's fee, and the Plaintiff further demands a trial by jury of all issues so triable; the Plaintiff also requests that this Court declare that the lien described in Exhibits C and D attached hereto is void and of no force and effect upon the Plaintiff's real property located in Orange County, Florida.

                  _/s/ Robert W. Smith_
                  ROBERT W. SMITH, ESQUIRE
                  Florida Bar No. 129565
                  103 Smokerise Boulevard
                  Longwood, Florida 32779
                  (407) 772-0372
                  Attorney for the Plaintiff



P.O. BOX 1229 • APOPKA, FLORIDA 32704-1229
PHONE (407) 889-1700

July 31, 1998

Jeb Bachman and Conny L. Jamieson                    CASE NO.: 98-07-296
294 McGee Avenue
Apopka, FL  32703-4463

LOCATION:      294 McGee Ave.

LEGAL DESCRIPTION:    10-21-28-0000-00091

It has been determined that a violation of the following City of Apopka Code exist on the above described property.

VIOLATION:   Apopka Municipal Code, Section 54-4 Yard Lighting (A): It shall be unlawful to arrange, operate or maintain any yard lighting so that it illuminates portions of other properties, causing problems from glare or of a general nuisance nature. NOTE: THIS IS A REPEAT VIOLATION AND IS BEING TREATED AS SUCH.  IT MAY BE REFERRED TO THE CODE ENFORCEMENT BOARD FOR FURTHER ACTION EVEN IF CLEARED WITHIN THE SPECIFIED TIME FRAME.

You are hereby notified to correct this violation before August 3, 1998 or I shall be compelled to take further action as provided by City Ordinances and State Statutes.

Remedy the infringement by redirecting, shielding or reducing the wattage, altering or removing the lighting.

Your prompt attention to this matter will be appreciated.  Please contact me to arrange for reinspection to verify compliance.  You may contact me at 889-1738.  If I can assist you in any way, please call me.

Sandra J. Swaffar
Code Enforcement Officer

cc: Commander Chuck Vavrek


EXHIBIT A

CODE ENFORCEMENT BOARD OF THE
CITY OF APOPKA, FLORIDA

COMPLAINT NO.  CEB 98-034
CERTIFIED NO.  P081 343 609

CITY OF APOPKA

    Petitioner,

vs

Jeb Bachman and Conny L. Jamieson

    Respondent(s),
_____/

## STATEMENT OF VIOLATION
## AND
## NOTICE OF HEARING

Pursuant to Article XI, the undersigned Code Inspector hereby gives notice of an uncorrected violation of the City of Apopka Code, as more particularly described herein, and hereby requests a PUBLIC HEARING before the Board.

1. Violation of Apopka Municipal Code: Apopka Ordinance No. 1067, Section 54-4 Yard Lighting (A): It shall be unlawful to arrange, operate or maintain any yard lighting so that it illuminates portions of other properties, causing problems of glare or of a general nuisance nature.

2. Location/address where violation exists: _____
   294 McGee Avenue
   Apopka, FL

3. Name and address of owner/person in charge of location where violation exists: _____
   Jeb Bachman & Conny L. Jamieson
   294 McGee Avenue
   Apopka, FL 32703-4463

4. Description of violation: Lights shine on adjoining property.

5. Date violation first observed: July 7, 1998

6. Date owner/person in charge given notice of violation: July 31, 1998

7. Date on/by which correction of violation was required: August 3, 1998

EXHIBIT A

STATEMENT OF VIOLATION
AND NOTICE OF HEARING
PAGE 2

Unless the Respondent corrects the violation described herein by the date set forth above and contacts the undersigned Code Inspector to verify compliance, a PUBLIC HEARING will be conducted in the above-styled cause before the Code Enforcement Board on the **11th** day of **August, 1998** at **7:30** p.m., or as soon thereafter as possible, in the City Council Chambers, City Hall, 120 East Main Street, Apopka, Florida.

The Board will receive testimony and evidence at said PUBLIC HEARING and shall make findings of fact as are supported by the testimony and evidence pertaining to matters alleged herein.

DATED this **4th** day of **August**, 1998.

Sandra J. Swaffar
Code Inspector

_____
Signature

Code Enforcement
City Department

Telephone No. **889-1738**

STATE OF FLORIDA
COUNTY OF ORANGE

Sworn to and subscribed before me this **17th** day of **August, 1998** by **Sandra J. Swaffar** who is personally known to me.

_____
Signature
Mary Ann Andy
Notary Public
Commission No. **CC519656**

My Commission Expires:

MARY ANN ANDY
My Comm Exp. 3/26/00
Bonded By Service Ins
No. CC519656

All interested parties may appear and be heard with respect to this case. Please be advised that, under State Law, if you decide to appeal any decision made by the Code Enforcement Board with respect to any matter considered at this meeting or hearing, you will need a record of the proceedings, and that, for such purpose, you may need to ensure that a verbatim record of the proceedings is made, which record includes a testimony and evidence upon which the appeal is to be based. In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in any of these proceedings should contact the City Clerk's office at 120 East Main Street, Apopka, Florida 32703, telephone (407) 889-1704, not later than five (5) days prior to the proceeding.

CODE ENFORCEMENT BOARD
CITY OF APOPKA, FLORIDA

COMPLAINT NUMBER: CEB 98-034
CERTIFIED NO: P081 343 614

**CITY OF APOPKA,**

  Petitioner,

**vs**

Jeb Bachman and Conny L. Jamieson

  Respondent(s)
_____/

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

THIS CAUSE came on for Public Hearing before the Code Enforcement Board on the 11th day of August, 1998, after due notice to the Respondents, and the Board having heard testimony under oath, received evidence, and heard argument of council (if any), thereupon issues its Findings of Fact, Conclusions of Law, and Order, as follows:

I. **FINDINGS OF FACT:**
   A. The Respondents, Jeb Bachman and Conny L. Jamieson, whose mailing address is 294 McGee Avenue, Apopka, Florida are the persons in charge of the property located at 294 McGee Avenue, Apopka, Florida said properties being within the Municipal Limits of Apopka, Florida.

   B. A violation of Apopka Ordinance No. 1067, Section 54-4 Yard Lighting (A) exist on said property. The Respondent was issued notice of this violation by U.S. Mail dated July 31, 1998, that the aforesaid violation was to have been corrected by August 3, 1998, but the violation has not been corrected.

II. **CONCLUSIONS OF LAW:**
   That the Respondents, Jeb Bachman and Conny L. Jamieson, by reason of the foregoing is in violation of Apopka Ordinance No. 1067, Section 54-4 Yard Lighting (A): It shall be unlawful to arrange, operate or maintain any yard lighting so that it illuminates portions of other properties, causing problems of glare or of a general nuisance nature.

EXHIBIT C

FINDING OF FACT, CONCLUSION OF
LAW AND ORDER
PAGE 2

III.  ORDER:

Based upon the foregoing Findings of Fact and Conclusions of Law, it is hereby ORDERED THAT:

The Respondents are to correct the aforesaid violation on or before August 17, 1998. In the event that the aforesaid violation is not corrected or recurs, then and in that event, there shall be imposed against the Respondents, Jeb Bachman and Conny L. Jamieson, a fine in the amount of $250.00 per day, beginning August 18, 1998 and continuing each day until compliance or if the violation recurs. The burden shall rest upon the Respondents to request a reinspection by the Apopka Police Department to determine compliance.

DONE AND ORDERED this __13th__ day of __August__, 1998, at Apopka, Orange County, Florida.

CODE ENFORCEMENT BOARD OF THE
CITY OF APOPKA, FLORIDA

By: _____
C.G. Sonny Sutherland, Vice-Chairman

I HEREBY CERTIFY that a true copy and correct copy of the above and foregoing Findings of Fact, Conclusions of Law, and Order has been furnished by certified mail to Respondent and/or Respondent's authorized counsel, _Jeb Bachman + Conny L. Jamieson_ at _294 McBee Ave., Apopka, FL 32703_ this ___ day of _August_, 1998.

_____
Mary Ann Andy, Secretary

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was acknowledged before me this _13_ day of _August_, 1998, by _C.G. "Sonny" Sutherland_ who is personally known to me and did not take an oath.

_____
Mary Ann Andy
Notary Public
Commission No. _CC519656_

My Commission Expires:



MARY ANN ANDY
My Comm Exp. 3/26/00
Bonded By Service Ins
No. CC519656
[ ] Personally Known  [ ] Other I.D.


CODE ENFORCEMENT BOARD OF THE
CITY OF APOPKA, FLORIDA

COMPLAINT NUMBER: CEB 98-034

CITY OF APOPKA,

    Petitioner,

vs.

Jeb Bachman/Conny L. Jamieson

    Respondent(s)

_____/

### ORDER IMPOSING PENALTY/LIEN

THIS CAUSE came on for public hearing before the Code Enforcement Board on the __11th__ day of __August, 1998__, after due notice to Respondent, at which time the Board heard testimony under oath, received evidence, and issued its Findings of Fact and Conclusions of Law and thereupon issued its oral order which was reduced to writing and furnished to the Respondent.

Said Order required Respondent to take certain corrective action by a time certain, as more specifically set forth in the Order.

An Affidavit of Non-Compliance, bearing the date of the __17th__ day of __September, 1998__, has been filed with the Board by the Code Inspector, which Affidavit certifies under oath that the required corrective action had not been taken as ordered.

Accordingly, it having been brought to the Board's attention that Respondent is not in compliance with the Order dated the __13th__ day of __August, 1998__, in the allotted time period, it is hereby ORDERED that the Respondent pay to the City of Apopka a fine in the amount of __Two Hundred and Fifty Dollars ($250.00)__ for each and every day the violation exists at: __294 McGee St., Apopka, Florida__ past the __17th__ day of __August, 1998__, which was the date previously set by the Board's Order for Compliance. As of the __18th__ day of __September, 1998__, the amount of this fine is __Two Hundred Fifty Dollars ($250.00)__. This Order can be recorded in the Public Records of Orange County and shall constitute a lien against the above-described property pursuant to Section 166.059.

EXHIBIT D

ORDER IMPOSING PENALTY/LIEN
PAGE 2



DONE AND ORDERED this __18th__ day of __September, 1998__, at Apopka, Orange County, Florida.

                    CODE ENFORCEMENT BOARD OF THE
                    CITY OF APOPKA, FLORIDA

                    By: _____
                           Norman Ustler, Chairman

STATE OF FLORIDA
COUNTY OF ORANGE

Sworn to and subscribed before me this __18th__ day of __September, 1998__ by __Norman Ustler__ who is personally known to me.

                    _____
                    Notary Public
                    Mary Ann Andy
                    Commission No. CC519656

My Commission Expires:

MARY ANN ANDY
My Comm Exp. 3/26/00
Bonded By Service Ins
No. CC519656